UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CRYSTAL PETRO,**

    **Plaintiff,**

v.                                           **CASE NO.:**

**GREEN TREE ASSISTED
LIVING, LLC, a Florida Limited
Liability Company,**

    **Defendant.**           /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CRYSTAL PETRO, by and through the undersigned attorney, sues the Defendant, GREEN TREE ASSITED LIVING, LLC, a Florida Limited Liability Company, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiff was an employee who worked for Defendant within the last three years in Orange County, Florida.

3. Plaintiff worked for Defendant from around July 2018 to October 2020 as an hourly paid employee.

4. Plaintiff worked as medical technician for Defendant.

5. At all times material to this cause of action, Defendant was an enterprise subject to the FLSA.

6. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant, GREEN TREE ASSITED LIVING, LLC, is a Florida Limited Liability Company that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

8. Defendant, GREEN TREE ASSITED LIVING, LLC, operates as an assisted residence facility for seniors in Orlando, Florida.

9. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

12. Defendant employed approximately fifteen (15) employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to cleaning supplies, medical supplies, telephones, computers, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## Overtime Violations

15. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

16. During her employment with Defendant, Plaintiff routinely worked overtime hours.

17. During her employment with Defendant, Defendant had a policy and practice of deducting for meal breaks (30 minutes per shift) regardless of whether Plaintiff actually took her break.

18. On one or more occasions, Plaintiff was unable to take her break and worked straight through her shift.

19. Despite not actually having received her thirty (30) minute break Defendant deducted the time from Plaintiff's pay, resulting in Plaintiff not being paid for all hours worked.

20. One or more of these deductions occurred in weeks in which Plaintiff worked overtime hours.

21. Based upon the above policies, Defendant has violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

22. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

23. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

24. All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)**

25. Paragraphs one (1) through twenty-four (24) above are fully re-alleged and incorporated herein.

26. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

27. During her employment with Defendant, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper

overtime compensation for all overtime hours worked in violation of the FLSA.

28. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

29. Defendant did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

30. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

31. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CRYSTAL PETRO, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 22nd day of February, 2021.

          **/s/ JOLIE N. PAVLOS**
Jolie N. Pavlos, Esq.
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 245-3517
Facsimile: (407) 204-2206
Email: JPavlos@forthepeople.com
Attorneys for Plaintiff